UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        :
DWIGHT JEROLMON,                        :
                                        :
         Plaintiff,                     :         Civil Action No.
                                        :         3:10-cv-267 (CSH)
v.                                      :
                                        :
                                        :
MICHAEL J. ASTRUE,                      :         JUNE 18, 2014
COMMISSIONER OF SOCIAL SECURITY,        :
                                        :
         Defendant.                     :
_____:

## RULING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

**HAIGHT, Senior District Judge:**

Plaintiff Dwight Jerolmon, represented by counsel, brought this action to review the decision of the Commissioner of Social Security denying him disability insurance benefits. The magistrate judge recommended that the Commissioner's denial be affirmed and benefits denied. Plaintiff filed timely objections to that recommendation.

In an opinion reported at 869 F.Supp. 2d 265 (D. Conn. 2012), familiarity with which is assumed, the Court declined to accept the magistrate judge's recommended ruling, vacated the Commissioner's decision denying benefits, and remanded the case to the Commissioner, with instructions for further proceedings. There is no record in this case of what may have transpired thereafter.

The case is now before the Court on the application of Plaintiff's counsel for an award of

attorney's fees.  The Commissioner opposes any award.

Counsel's application lies under section 204(d) of the Equal Access to Justice Act ("EAJA"), codified in 28 U.S.C. § 2412(d), which provides in pertinent part that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States in any court having jurisdiction of that action,  unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

In the case at bar, the Commissioner does not dispute that Jerolmon is a "prevailing party" under the statute, nor could he do so.  The Commissioner opposes counsel's application on three grounds.  First, the Commissioner challenges the amount claimed, on the ground that the attorney's time claimed is not sufficiently supported by contemporaneous records, as required by Second Circuit authority.  Second, he contends that the number of hours claimed to have been devoted to the case is excessive.  Third, he disputes any entitlement of the Plaintiff to attorney's fees, on the ground that the position of the Commissioner denying benefits to Plaintiff was "substantially justified," as that phrase is used in the EAJA.

On the record-keeping issue, the Court raised the question of contemporaneous entries in a *sua sponte* Memorandum and Order reported at 2013 WL 210898 (D. Conn. Jan. 18, 2013), familiarity with which is also assumed.  That Memorandum pointed out that the time summary submitted by counsel in their initial application could not be characterized as "contemporaneous," as Second Circuit authority required.  However, I also noted that a Second Circuit case approved a claim of attorneys who "submitted a typed listing of their hours from their computer records"; and, in the case at bar, I said the Court "will consider proof from the Binder Firm that during the period

2

of time covered by this application for attorney's fees, there existed at the Firm practices, procedures, record-keeping technology and the like, the practical consequence of which is to imbue the typed notations on the present Exhibit A with the substance, if not the form, of contemporaneous entries accurately describing what a particular attorney was doing on a particular day." 2013 WL 210898, at *3.

Mr. Binder responded to that overture by submitting a sworn affirmation [Doc. 25] which states that: "The hours expended and description of the work performed on Plaintiff's case were recorded contemporaneously on the dates the work was performed by counsel and entered into an electronic calendar (Google calendar) by counsel or by counsel's staff," and "[t]he contemporaneously recorded hours entered into the electronic calendar were subsequently used by counsel (Eddy Pierre Pierre) when preparing Plaintiff's petition for attorney's fees," particularly the summary marked Exhibit A.  Doc. 25, ¶¶ 2- 3.  The Commissioner's expressions of dissatisfaction notwithstanding, these averments are sufficient to demonstrate that this law firm followed the practice increasingly employed by 21st-century firms, namely, the contemporaneous entry of time notations into computers, and their subsequent recapture and recording in non-contemporaneous summaries or tables.  Present Second Circuit authority requires no more.

As for the amount of hours Plaintiff's counsel claim to have spent on the case, the medical aspects were complex, and the hearing before the Agency's Administrative Law Judge "produced a two-volume  administrative record transcript of over 1,000 pages." 869 F.Supp. 2d at 269.  Counsel had to compile much of that record, master its contents, and demonstrate the respects in which the ALJ fell into error.  The amount of attorney's time claimed for these efforts is not excessive.

The question of substance is whether the Commissioner's denial of benefits to Plaintiff, albeit

3

vacated and remanded by this Court, was nonetheless "substantially justified" under 28 U.S.C. § 2412(d)(1)(A). The Commissioner contends that his denial was in fact substantially justified, and places a predictable emphasis upon his counsel's success in persuading an able and experienced magistrate judge to recommend that it be affirmed.

Of course, the statutory phrase "substantially justified" cannot mean the Commissioner's decision was *correct*; if that were the meaning, there could never be a "prevailing party" on the other side of the dispute. In construing § 2412(d)(1)(A), the Second Circuit said: "To be 'substantially justified' the position must be justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person, and it must have a reasonable basis both in law and fact." *Miles v. Astrue*, 502 F. App'x 59, 60 (2d Cir. 2012) (citation and internal quotation marks omitted). "In interpreting whether a position was 'substantially justified,' courts are to apply a standard of reasonableness. The burden rests on the government to show that its position was reasonable." *Green v. Bowen*, 877 F. 2d 204, 207 (2d Cir. 1989) (fee application under the EAJA) (citations omitted).

In the case at bar, while the question is not free from doubt, I conclude that the ALJ's, and derivatively the Commissioner's, denial of Plaintiff's claim cannot be characterized as "substantially justified." That denial was not substantially justified because it was not reasonable. It was not reasonable because it was based principally upon the ALJ's denigration of the opinion of Dr. Norman H. Baldwin, the ALJ-appointed impartial psychologist, on the ground that Baldwin "did not have access to Dr. Porto's notes to resolve these discrepancies," Dr. Andrew C. Porto being Plaintiff's treating psychologist. The hearing record made it plain that the ALJ went to the effort of obtaining Dr. Porto's notes, for the explicit purpose of showing them to Dr. Baldwin, and then unaccountably

4

filed her opinion denying Plaintiff's claim *without* showing Porto's notes to Baldwin.  *See* 869 F.Supp. 2d at 273-281.  I characterized the ALJ's observation of "no access" as introducing "an almost surreal note of mystery into the case," since "any reasonable person, present at the hearing and witnessing the exchanges quoted in the text, would have understood that the ALJ was keeping the record open so that Dr. Porto's notes could be obtained *and given to Dr. Baldwin to study*."  *Id*. at 277 (emphasis in original).  In those circumstances, I was prompted to ask rhetorically: "[W]ho was responsible for that lack of access on Dr. Baldwin's part?"  *Id.*

> This Court's Ruling on the merits of Plaintiff's claim concluded by saying:
>> Given the unusual circumstances in this case, where the necessity of Dr. Baldwin's review of Dr. Porto's notes was agreed upon in principle by all concerned, and then abandoned by the ALJ in practice, the resulting gap in the medical record on the decisive question renders that record so incomplete that, to quote *Pratts* again, this Court "cannot say the ALJ's decision is supported by substantial evidence."

*Id.* at 281.

I am mindful that "there is no congruence between the 'substantial evidence' standard and the 'substantially justified' standard," *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 58 (2d Cir. 1995), so that a reversal of the Commissioner's denial of benefits based on the substantial evidence rule "does not necessarily mean that the position of the Government was not substantially justified," *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988).  However, on the particular, even peculiar facts in this case, the ALJ's denial of benefits to Plaintiff was manifestly unreasonable, and consequently cannot be condoned as substantially justified.

5

For the foregoing reasons, the application of counsel for Plaintiff for EAJA fees in the amount of $9,168.27, and for filing fee costs in the amount of $350.00, is granted in its entirety. The Clerk is directed to enter judgment accordingly.

It is SO ORDERED.

Dated: New Haven, Connecticut
June 18, 2014

>/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge